[Cite as *Boiano v. Ohio Dept. of Transp., Dist. 8*, 2010-Ohio-4791.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MICHAEL "TONY" BOIANO

Plaintiff

v.

OHIO DEPARTMENT OF TRANSPORTATION, DISTRICT 8

Defendant

Case No. 2010-02880-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} On January 14, 2010, at approximately 9:30 p.m., plaintiff, Michael Boiano, was traveling north on Interstate 75 "at the SR 122 interchange at Monroe, Ohio in a construction zone" when his 2007 Volkswagen Rabbit struck a "massive hole" causing tire and wheel damage to the vehicle. The damage event was investigated by a local Ohio State Highway Patrol (OSHP) unit and a "Traffic crash Report" (copy submitted) was filed incident to the investigation. According to information in the OSHP "Traffic Crash Report," the pothole plaintiff's car struck had been patched at 4:30 p.m. on January 14, 2010, five hours prior to plaintiff's damage occurrence. Apparently, the patch had rapidly deteriorated over a five hour period creating a new roadway defect which caused plaintiff's property damage. Plaintiff contended his property damage was proximately caused by negligence on the part of defendant, Department of Transportation (ODOT) in maintaining a hazardous roadway condition in a working construction area on Interstate 75 in Warren County. Plaintiff seeks damage recovery in the amount of $1,116.22, the cost of replacement parts. related repair expenses, and towing costs resulting from the January 14, 2010 incident. Plaintiff also requested

reimbursement of $4.00, the cost of a copy of the OSHP "Traffic Crash Report." This fee request is not compensable in a claim of this type and therefore, is denied. The $25.00 filing fee was paid and plaintiff requested reimbursement of that cost along with his damage claim.

{¶ 2} Defendant acknowledged the roadway area where plaintiff's incident occurred was located within the limits of a working construction project under the control of ODOT contractor John R. Jurgensen Company (Jurgensen). Defendant explained this particular project "dealt with grading, draining, paving with asphalt concrete on I-75, interchange reconstruction of SR 122 and bridge replacements at several locations in Warren County." According to defendant, the construction project limits "corresponds to state mileposts 32.10 to 40.50" on Interstate 75 and plaintiff's incident occurred at milepost 32.80, a location within the construction area limits. Defendant asserted that this particular construction project was under the control of Jurgensen and consequently ODOT had no responsibility for any damage or mishap on the roadway within the construction project limits. Defendant argued that Jurgensen, by contractual agreement, was responsible for maintaining the roadway within the construction zone. Therefore, ODOT contended that Jurgensen is the proper party defendant in this action. Defendant implied that all duties such as the duty to inspect, the duty to warn, the duty to maintain, and the duty to repair defects were delegated when an independent contractor takes control over a particular section of roadway. Furthermore, defendant contended that plaintiff failed to introduce sufficient evidence to prove his damage was proximately caused by roadway conditions created by ODOT or its contractors. All construction work was to be performed in accordance with ODOT requirements and specifications and subject to ODOT approval. Also, evidence has been submitted to establish that ODOT personnel were present on site conducting inspection activities.

{¶ 3} For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio*

*State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed. This court, as trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

{¶ 4} Defendant had the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864. The duty of ODOT to maintain the roadway in a safe drivable condition is not delegable to an independent contractor involved in roadway construction. ODOT may bear liability for the negligent acts of an independent contractor charged with roadway construction. *Cowell v. Ohio Department of Transportation*, Ct. of Cl. No. 2003-09343-AD, jud, 2004-Ohio-151. Despite defendant's contentions that ODOT did not owe any duty in regard to the construction project, defendant was charged with duties to inspect the construction site and correct any known deficiencies in connection with the particular construction work. See *Roadway Express, Inc. v. Ohio Dept. of Transp.* (June 28, 2001), Franklin App. 00AP-1119.

{¶ 5} Alternatively, defendant denied that neither ODOT nor Jurgensen had any notice of the particular pothole prior to plaintiff's property damage event. Defendant pointed out that ODOT records "indicate no calls or complaints were received regarding the pothole in question prior to Plaintiff Boiano's incident." Defendant advised, "[i]t should be noted that this portion of I-75 has an average daily traffic volume of 70,000, however, and no calls were received (regarding a roadway defect) prior to plaintiff's alleged incident." Defendant contended plaintiff failed to offer any evidence of negligent roadway maintenance on the part of ODOT and failed to produce evidence to establish his property damage was attributable to conduct on either the part of ODOT or Jurgensen.

**{¶ 6}** Defendant submitted a letter from Jurgensen Safety Manager, Travis Roberts, who recorded Jurgensen was notified of a pothole "on NB I-75 near SR-122" by the OSHP at approximately 9:00 p.m. on January 14, 2010. According to Roberts, that pothole was promptly patched by Jurgensen personnel beginning at 9:45 p.m. Roberts did not address plaintiff's evidence that the pothole had been patched earlier in the day on January 14, 2010, at approximately 4:30 p.m. Travis noted that when the pothole was patched at 9:45 p.m. "[t]wo (2) lanes of traffic were closed due to the large size of the pothole; the pothole was approximately 3.5 ft. x 28 ft." According to Roberts, the massive pothole was patched with cold patch material, had formed in existing area of pavement not presently under construction, and was completely repaired by 2:00 a.m. on January 15, 2010. Roberts report, "[f]our (4) hours later (Jurgensen) was contacted that a hole had reformed" and this time repairs were made by ODOT personnel using cold patch material. Roberts pointed out ODOT subsequently directed Jurgensen to close two lanes of traffic and repair the pothole with hot mix asphalt and these repairs were completed by 7:30 p.m. on January 15, 2010. Submitted time sheets for work performed in patching the pothole on the night of January 14, 2010 reflect that four tons of cold mix material were used to implement repairs.

**{¶ 7}** Plaintiff filed a response insisting defendant should be held liable due to the fact the damage-causing pothole was inadequately repaired at 4:30 p.m. on January 14, 2010 and the repair had deteriorated by 9:30 p.m., the approximate time of his incident. Plaintiff asserted defendant either knew or should have known the pothole patch was inadequate and subject to rapid deterioration.

**{¶ 8}** In order to find liability for a damage claim occurring in a construction area, the court must look at the totality of the circumstances to determine whether ODOT acted in a manner to render the highway free from an unreasonable risk of harm for the traveling public. *Feichtner v. Ohio Dept. of Transp.* (1995), 114 Ohio App. 3d 346, 683 N.E. 2d 112. In fact, the duty to render the highway free from an unreasonable risk of harm is the precise duty owed by ODOT to the traveling public under both normal traffic and during highway construction projects. See e.g. *White v. Ohio Dept. of Transp.* (1990), 56 Ohio St. 3d 39, 42, 564 N.E. 2d 462.

**{¶ 9}** In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or

constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179.

{¶ 10} Generally, in order to recover in a suit involving damage proximately caused by roadway conditions including potholes, plaintiff must prove that either: 1) defendant had actual or constructive notice of the pothole and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. There is evidence ODOT's contractor had actual notice of the pothole prior to plaintiff's incident. However, the notice time of thirty minutes before plaintiff's damage occurrence is insufficient to invoke liability on an actual notice theory. Therefore, in order to recover plaintiff must produce evidence to prove constructive notice of the defect or negligent maintenance.

{¶ 11} "[C]onstructive notice is that which the law regards as sufficient to give notice and is regarded as a substitute for actual notice or knowledge." *In re Estate of Fahle* (1950), 90 Ohio App. 195, 197-198, 48 O.O. 231, 105 N.E. 2d 429. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard*.

{¶ 12} The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time the defective condition developed. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458.

{¶ 13} In order for there to be constructive notice, plaintiff must show sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD . Ordinarily size of a defect (pothole) is insufficient to show notice or duration of existence. *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891. However, the massive size of a defect coupled with knowledge that the pothole presented a recurring problem

is sufficient to prove constructive notice. *Fite v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2009-05757-AD, 2009-Ohio-7124.

{¶ 14} Additionally, plaintiff has produced evidence to infer defendant maintains the roadway negligently. *Denis.* Plaintiff's evidence submitted shows that the particular damage-causing pothole was formed when an existing patch deteriorated. This fact alone does not provide conclusive proof of negligent maintenance. A pothole patch that deteriorates in less than ten days is prima facie evidence of negligent maintenance. *Matala v. Ohio Department of Transportation*, Ct. of Cl. No. 2003-01270-AD, 2003-Ohio-2618; *Schrock v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2005-02460-AD, 2005-Ohio-2479. Evidence has shown plaintiff's vehicle was damaged by a pothole that had been patched at 4:30 p.m. on January 14, 2010 and the repair patch had failed by 9:30 p.m. on that same day.

{¶ 15} The fact that the pothole plaintiff's car struck deteriorated in a time frame of less than five hours warrants application of the standard expressed in *Matala*; *Fisher v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2007-04869-AD, 2007-Ohio-5288; *Romes v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2008-01826-AD, 2008-Ohio-4624. Defendant is liable to plaintiff for the damage claimed $1,116.22, plus the $25.00 filing fee which may be awarded as compensable costs pursuant to R.C. 2335.19. *Bailey v. Ohio Department of Rehabilitation and Correction* (1990), 62 Ohio Misc. 2d 19, 587 N.E. 2d 990.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MICHAEL "TONY" BOIANO

Plaintiff

v.

OHIO DEPARTMENT OF TRANSPORTATION, DISTRICT 8

Defendant

Case No. 2010-02880-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE
DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $1,141.22, which includes the filing fee. Court costs are assessed against defendant.

DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Michael "Tony" Boiano
6282 Runabay Court
West Chester, Ohio 45069

Jolene M. Molitoris, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio 43223

RDK/laa
5/4
Filed 6/8/10
Sent to S.C. reporter 10/1/10